IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| KEVIN LEE BIGLOW,      )<br>                              )<br>              Plaintiff,  )<br>                              )<br>v.                          )<br>                              )<br>DELL TECHNOLOGIES, INC., )<br>                              )<br>              Defendant. )<br>_____) | CIVIL ACTION<br><br>No. 20-cv-02563-KHV |

**MEMORANDUM AND ORDER**

On November 9, 2020, plaintiff filed suit pro se against defendant, his former employer. Plaintiff alleges that defendant discriminated against him on the basis of race. Specifically, plaintiff alleges violations of Title VII of the Civil Rights Act ("Title VII"), 42 U.S.C. §§ 2000e, the Civil Rights Act of 1871, 42 U.S.C. §§ 1981 and 1983, the Equal Pay Act, 29 U.S.C. § 206, the Americans with Disabilities Act, 42 U.S.C. § 12203, the National Labor Relations Act, 28 U.S.C. § 158, and unspecified "Kansas Labor Laws And Retaliation." Complaint (Doc. #1) at 7, 82–84.

On May 5, 2021, the Court sustained defendant's motion to compel arbitration. This matter is before the Court on plaintiff's Motion For Relief From Judgment And Order Pursuant To Fed. R. Civ. P. 60(b), Fed. R. Civ. P. 60(d), Fraudulent Misrepresentation (Doc. #26) filed January 10, 2023. For reasons set forth below, the Court overrules plaintiff's motion.

**Facts**

On January 31, 2012, defendant hired plaintiff. On September 16, 2017, defendant promoted plaintiff to a management position. On November 27, 2018, defendant emailed its employees an updated arbitration agreement and employee agreement. The email stated that

1

employees had until January 31, 2019 to sign the agreements and that employees who did not sign the agreements would be ineligible for future Long-Term Incentive grants.

On November 29, 2018, plaintiff signed the arbitration agreement. The agreement applied "to any and all dispute(s) arising out of or related to [plaintiff's] employment and/or separation form employment with Dell." Mutual Agreement To Arbitrate Claims (Doc. #6-1) at 4. The agreement specified that it applied "without limitation, to all disputes or claims arising out of or relating to [plaintiff's] employment relationship with the Company, including, but not limited to: (i) discrimination or harassment based on any characteristic protected by law; (ii) retaliation; (iii) torts; [and] (iv) all employment related laws." Id.

On May 16, 2019, plaintiff's manager, Brent Lockwood, reported to defendant's ethics committee that plaintiff had accused Lockwood of discriminating against him because of his pay level. Memorandum In Support Of Plaintiff's Motion For Relief (Doc. #27) filed January 10, 2023 at 2. Defendant initiated an ethics investigation into the complaint. Id. According to plaintiff, defendant did not inform him of Lockwood's complaint or the investigation until 21 days later. Id.

Plaintiff states that Lockwood's report was false. According to plaintiff, he met with Lockwood several times to request a pay increase and during these meetings he reminded Lockwood that defendant "preaches diversity." Id. at 9. Plaintiff maintains that Lockwood made a maliciously false report that plaintiff had accused Lockwood of discrimination and that defendant initiated a "sham" investigation as a pretext to fire plaintiff because of his race.

On April 14, 2020, plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"). On August 12, 2020, the EEOC issued plaintiff a Notice of

Right to Sue. On November 9, 2020, plaintiff filed suit against defendant alleging discrimination based on race and retaliation.

On December 14, 2020, defendant filed a <u>Motion to Compel Arbitration</u> (Doc. #6). On May 5, 2021, the Court granted the motion.

Since then, the parties' progress in arbitration through JAMS has been fraught. On November 24, 2021, the Court ordered defendant to show cause why it had not forfeited its right to arbitration. The Court noted that in the six months since the Court had sustained defendant's motion to compel arbitration, JAMS had not received payment or a signed service agreement from either side. <u>Order To Show Cause</u> (Doc. #16). On November 30, 2021, defendant responded to the Order to Show Cause and explained that it had misunderstood the procedures that the JAMS Denver office required and had submitted payment and a signed service agreement. <u>Response To Show Cause Order</u> (Doc. #17). The Court declined to vacate the Order which compelled arbitration and ordered the parties to file status reports on the progress of arbitration at 60-day intervals. <u>Order</u> (Doc. #18) filed December 6, 2021.

The parties' status reports indicate that the parties held a preliminary conference with a JAMS arbitrator, the arbitrator issued a Scheduling Order and the parties established a discovery plan. <u>Status Report</u> (Doc. #20) filed January 31, 2022; <u>Status Report</u> (Doc. #21) filed April 1, 2022; <u>Status Report</u> (Doc. #22) filed May 31, 2022. On or about July 1, 2022, the parties agreed to stay arbitration for 90 days to permit plaintiff to obtain legal counsel. <u>Status Report</u> (Doc. #23) filed July 28, 2022. Plaintiff proposed, and defendant agreed to, an additional 60-day stay of arbitration to obtain assistance of counsel and "due to new evidence that the Claimant has obtained through an anonymous source." <u>Status Report</u> (Doc. #24) filed September 30, 2022. Plaintiff then requested, and defendant agreed, to stay arbitration until January 10, 2023 for the same reasons.

Status Report (Doc. #25) filed November 29, 2022.

On January 10, 2023, plaintiff filed his Motion For Relief (Doc. #26). Plaintiff seeks to have the Court vacate the Order compelling arbitration on the grounds that defendant created the agreement under fraudulent misrepresentations. Defendant argues that plaintiff's motion is untimely and that plaintiff has not articulated any reason to justify relief from the Court's Order.

## **Analysis**

Plaintiff seeks relief under Rule 60(b) and 60(d). In addition, plaintiff's brief generally reiterates arguments that he made in earlier briefs to support his claims that defendant discriminated and retaliated against him. A pro se plaintiff does not show circumstances warranting relief under Rule 60 where the plaintiff's motion simply reiterates the original issues raised in his earlier pleadings. Van Skiver v. United States, 952 F.2d 1241, 1244 (10th Cir. 1991); Lebahn v. Owens, 813 F.3d 1300, 1306 (10th Cir. 2016). The Court will not consider arguments that are only relevant to the merits of plaintiff's underlying claims.

**I.**     **Rule 60(b)**

Plaintiff seeks relief under Rule 60(b), which provides in relevant part that:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

A Rule 60(b) motion provides extraordinary relief which "may only be granted in exceptional circumstances." Amoco Oil Co. v. United States Environmental Protection Agency,

231 F.3d 694, 697 (10th Cir. 2000).  For the Court to consider a Rule 60(b) motion, the party must make that motion "within a reasonable time" after the Court enters its order or judgment.  Fed. R. Civ. P. 60(c)(1).  For relief based on Rule 60(b)(1), (2) and (3), the party must make the motion within one year of the complained-of proceeding.  Id.

Plaintiff is not entitled to relief under Rule 60(b)(1), (2) or (3) because he did not file this motion within a year of the Court's Order compelling arbitration.  See Fed. R. Civ. P. 60(c)(1).  Further, plaintiff does not argue that the Court should grant relief based on Rule 60(b)(4) (order is void) or 60(b)(5) (order has been satisfied, released or discharged).  The only remaining avenue for plaintiff to seek relief under Rule 60(b) is under Rule 60(b)(6), authorizing the Court to grant relief for "any other reason that justifies relief."  Fed. R. Civ. P. 60(b)(6).

For the Court to grant relief under Fed. R. Civ. P. 60(b)(6), plaintiff must have made his motion "within a reasonable time."  Fed. R. Civ. P. 60(c)(1).  More than 20 months elapsed between the Court entering the Order compelling arbitration and plaintiff filing the instant motion seeking relief from that Order.  Plaintiff has not explained the reasons for such a delay.  The Court therefore finds that plaintiff did not make this motion within a reasonable time.

Further, even if plaintiff had made this motion within a reasonable time, plaintiff does not show exceptional circumstances under Rule 60(b)(6) that justify vacating the Order compelling arbitration.  Plaintiff states that he has newly discovered evidence that defendant conducted a fraudulent, malicious and pretextual ethics investigation before terminating him, and the arbitration agreement is therefore unenforceable because "[i]t is unconscionable that Plaintiff would submit to arbitrate any dispute in which Defendant fraudulently tricked Plaintiff into signing under fraudulent misrepresentation that all internal ethics investigations would be conducted in accordance with Defendant's 'Global Policy on Raising and Investigating Potential Ethics and

5

Compliance Violations & Anti-Retaliation.'" <u>Motion For Relief</u> (Doc. #26) filed January 10, 2023 at 5.[1]

Neither newly discovered evidence nor an allegedly fraudulent investigation can provide plaintiff relief under Rule 60(b)(6). Rule 60(b)(6) requires plaintiff to seek relief based on a reason *other than* the reasons listed in Rule 60(b)(1)–(5). <u>See</u> <u>United States v. Buck</u>, 281 F.3d 1336, 1341 (10th Cir. 2002) ("The clear import of the language of clause (b)(6) is that the clause is restricted to reasons other than those enumerated in the previous five clauses."). Newly discovered evidence provides a basis for relief under Rule 60(b)(2), and plaintiff cannot seek relief under Rule 60(b)(2) because he did not file his motion within one year of the Court's Order compelling arbitration. Plaintiff therefore cannot seek relief under Rule 60(b)(6) based on newly discovered evidence. For the same reason, plaintiff cannot seek relief based on an allegedly fraudulent ethics investigation, which would fall into Rule 60(b)(3), as fraud, misrepresentation or misconduct by an opposing party.

Plaintiff does not provide a valid reason why the Court should grant relief under Rule 60(b)(6). The Court therefore overrules plaintiff's motion on these grounds.

## II. Rule 60(d)

Plaintiff also seeks relief under Rule 60(d), which provides in relevant part that the Court may:

> (1) entertain an independent action to relieve a party from a judgment, order, or proceeding;
> (2) grant relief under 28 U.S.C. § 1655 to a defendant who was not personally notified of the action; or
> (3) set aside a judgment for fraud on the court.

---

[1] Plaintiff also provides "newly discovered evidence" that defendant was being audited by the Office of Federal Contract Compliance Programs ("OFCCP") during the relevant events between plaintiff and defendant. Plaintiff argues that the audit provided defendant with a motive to conceal their discriminatory treatment of plaintiff from the OFCCP.

Fed. R. Civ. P. 60(d).

Plaintiff does not clearly explain which of these provisions he invokes. Based on plaintiff's general claims that defendant conducted a fraudulent investigation and that he has discovered new evidence "unknown to Plaintiff and the Court," the Court assumes that plaintiff intends to invoke Rule 60(d)(3), alleging fraud on the court. Memorandum In Support Of Plaintiff's Motion For Relief (Doc. #27) filed January 10, 2023 at 2.

To show fraud on the Court, plaintiff must show, by clear and convincing evidence, that defendant committed fraud "which is directed to the judicial machinery itself and is not fraud between the parties or fraudulent documents, false statements or perjury." Thomas v. Parker, 609 F.3d 1114, 11120 (10th Cir. 2010). In general, "only the most egregious conduct, such as bribery of a judge or members of a jury, or the fabrication of evidence by a party in which an attorney is implicated will constitute a fraud on the court." Zurich North America v. Matrix Service, Inc., 426 F.3d 1281, 1291 (10th Cir. 2005) (internal quotation omitted).

Plaintiff has not established fraud on the Court. If plaintiff is correct that defendant's ethics investigation was fraudulent, that establishes—at most—fraud between the parties. Plaintiff has not provided evidence that defendant engaged in egregious conduct, such as bribery or fabrication of evidence with the participation of an attorney. The Court therefore overrules plaintiff's motion on these grounds.

By choosing to sign an arbitration agreement, plaintiff agreed to arbitration "without limitation, for *all* disputes or claims arising out of or relating to [plaintiff's] employment relationship with the Company," including any claims arising out of allegedly fraudulent investigations. Mutual Agreement To Arbitrate Claims (Doc. #6-1) at 4 (emphasis added). The

7

8

Court has already ordered the parties to participate in arbitration as per their agreement.  The Court upholds and reiterates that Order.

**IT IS THEREFORE ORDERED** that plaintiff's <u>Motion For Relief From Judgment And Order Pursuant To Fed. R. Civ. P. 60(b), Fed. R. Civ. P. 60(d), Fraudulent Misrepresentation</u> (Doc. #26), filed January 10, 2023 is **OVERRULED.**

Dated this 20th day of March, 2023 at Kansas City, Kansas.

<u>s/ Kathryn H. Vratil</u>
KATHRYN H. VRATIL
United States District Judge