## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| KEVIN LEE BIGLOW, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION |
| v. | ) | |
| | ) | No. 20-2563-KHV |
| DELL TECHNOLOGIES, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## MEMORANDUM AND ORDER

On November 9, 2020, proceeding pro se, plaintiff filed suit against defendant, his former employer, alleging discrimination on the basis of race in violation of federal and state law. On May 5, 2021, the Court sustained defendant's motion to compel arbitration. This matter is now before the Court on Plaintiff's Motion For Relief From The Order To Reopen/Reinstate Proceedings Pursuant To Fed. R. Civ. P. 60(b) And Motion For Relief From Judgment And Order Pursuant To Fed. R. Civ. P. 60(b) (Doc. #38) filed July 10, 2023. For reasons set forth below, the Court overrules plaintiff's motion.

## Factual And Procedural Background

The factual background underlying the parties' dispute is set forth in detail in the Court's Memorandum and Order (Doc. #31) filed March 20, 2023. During his employment with defendant, plaintiff agreed to arbitrate all dispute(s) "arising out of or related to [plaintiff's] employment and/or separation form employment." Mutual Agreement To Arbitrate Claims (Doc. #6-1) filed December 14, 2020 at 4. Plaintiff filed this suit which alleges that defendant terminated his employment because of race.

As noted, on May 5, 2021, the Court sustained defendant's motion to compel arbitration pursuant to the arbitration agreement between the parties. See Memorandum And Order (Doc. #14). Almost two years later, on January 10, 2023, plaintiff filed a motion to vacate the order compelling arbitration. On March 20, 2023, the Court overruled plaintiff's motion. See Memorandum And Order (Doc. #31). On June 7, 2023, the Court administratively closed the case based on the pending arbitration proceedings. See Order (Doc. #34). On June 20, 2023, based on the administrative closing order, Magistrate Judge Kenneth G. Gale denied plaintiff leave to file an amended complaint. See Order (Doc. #37).

## Analysis

### I.    Plaintiff's Motion For Relief

Plaintiff seeks to reopen the case and amend his complaint. Plaintiff filed his motion under Rule 60(b) of the Federal Rules of Civil Procedure. Specifically, he seeks relief from an administrative closing order, which is "the practical equivalent of a stay." Patterson v. Santini, 631 F. App'x 531, 534 (10th Cir. 2015) (quoting Quinn v. CGR, 828 F.2d 1463, 1465 n.2 (10th Cir. 1987)). By its express terms, the administrative closing order does not mature into a "final" order until May 25, 2024, and then only if the parties do not file a stipulation of dismissal or move to reopen the case by that date. Order (Doc. #34) at 1.

Rule 60(b) provides grounds for relief from final orders or judgments, i.e. those that adjudicate all claims, rights or liabilities of all parties. Raytheon Constrs., Inc. v. Asarco Inc., 368 F.3d 1214, 1217 (10th Cir. 2003) (citing Fed. R. Civ. P. 54(b)). An administrative order is not a "final" order for purposes of Rule 60(b). See id. (administratively closed case is inactive but remains on docket). Because plaintiff seeks relief from a non-final order, the Court construes his

motion as one to reconsider the Court's administrative closing order under District of Kansas Local Rule 7.3.

Initially, the Court overrules plaintiff's motion because it is untimely.  Under Rule 7.3, a party must file a motion for reconsideration within 14 days after the order is filed.  <u>See</u> D. Kan. Rule 7.3.  Here, the Court entered the order administratively closing the case on June 7, 2023. Plaintiff did not file his motion for relief until July 10, 2023.  Because plaintiff's motion was not filed within 14 days, the motion is untimely.

Even if plaintiff had filed a timely motion, he has not shown that relief is warranted under Rule 7.3.  A court has discretion whether to grant a motion to reconsider.  <u>Taylor v. Colo. Dep't of Health Care Pol'y & Fin.</u>, 811 F.3d 1230, 1236 (10th Cir. 2016).  The Court may recognize any one of three grounds justifying reconsideration: an intervening change in controlling law, availability of new evidence, or the need to correct clear error or prevent manifest injustice. <u>Servants of Paraclete v. Does</u>, 204 F.3d 1005, 1012 (10th Cir. 2000); D. Kan. Rule 7.3.  A motion to reconsider is not a second opportunity for the losing party to make its strongest case, to rehash arguments or to dress up arguments that previously failed.  <u>Servants of Paraclete</u>, 204 F.3d at 1012.

Plaintiff asks that the Court reopen the case, grant him leave to add the names of the "Doe defendants" and allow him to add civil and criminal conspiracy claims against these individuals. Plaintiff has not cited an intervening change in controlling law or demonstrated any clear error or manifest injustice which would require the Court to reconsider its order.  Plaintiff asserts that he now can identify the names of the "Doe defendants," but he has not shown that this evidence is

new, that he was diligent in discovering it or that it is material to the issue of whether his claims must be arbitrated.[1]

The Court therefore overrules plaintiff's motion to reconsider.

## II.   Defendant's Request For Filing Restrictions

Defendant asks that the Court enter an order prohibiting plaintiff from filing further pleadings except to obtain a final determination of the matter.  Dell Technologies, Inc.'s Response To Plaintiff's Second Motion For Relief From Judgment And Order (Doc. #40) filed July 24, 2023 at 7.  Though a district court has the power to enjoin litigants by placing narrow restrictions on filings, an injunction is only appropriate when (1) the litigant has a lengthy and abusive history of the filing process; (2) the court provides guidelines to the litigant on when he may file; and (3) the litigant received notice and an opportunity to oppose the restrictions before imposed.  Ysais v. Richardson, 603 F.3d 1175, 1180 (10th Cir. 2010).  Plaintiff's filing of two motions to reconsider or to vacate a prior order does not constitute a lengthy and abusive litigation history, especially in light of the fact that the Court ordered arbitration more than two years ago.  The Court therefore declines to impose filing restrictions.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion For Relief From The Order To Reopen/Reinstate Proceedings Pursuant To Fed. R. Civ. P. 60(b) And Motion For Relief From Judgment And Order Pursuant To Fed. R. Civ. P. 60(b) (Doc. #38) filed July 10, 2023, which the court construes as a motion to reconsider under District of Kansas Local Rule 7.3, is **OVERRULED.**

Dated this 25th day of August, 2023 at Kansas City, Kansas.

---

[1]     Throughout his motion, plaintiff continues to argue about facts that relate to his underlying claim of discrimination.  As explained some two years ago, those claims are subject to arbitration.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge