IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| KEVIN LEE BIGLOW,               )<br>                                 )<br>           **Plaintiff,**           )<br>                                 )     **CIVIL ACTION**<br>v.                               )<br>                                 )     No. 20-2563-KHV<br>DELL TECHNOLOGIES, INC.,         )<br>                                 )<br>           **Defendant.**          )<br>_____) | |

### **MEMORANDUM AND ORDER**

This matter is before the Court on <u>Plaintiff Kevin Lee Biglow's Motion To Compel Brent Lockwood Nonsignatory To Arbitration And Enforce Any Subpoenas In The JAMS Arbitration Proceedings</u> (Doc. #45) filed September 25, 2023 and <u>Plaintiff Kevin Lee Biglow's Motion To Compel The Boeing Company Nonsignatory To Arbitration</u> (Doc. #47) filed October 31, 2023.[1] For reasons set forth below, the Court overrules plaintiff's motions.

### **Legal Standard**

Federal policy favors arbitration agreements and requires the Court to rigorously enforce them. <u>Shearson/Am. Exp., Inc. v. McMahon</u>, 482 U.S. 220, 226 (1987); <u>see also</u> <u>Circuit City Stores, Inc. v. Adams</u>, 532 U.S. 105, 119, 122–23 (2001) (arbitration agreements in employment contracts generally enforceable). Normally, on a motion to compel arbitration under the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 <u>et seq.</u>, the Court applies a strong presumption in favor of arbitration. <u>ARW Exploration Corp. v. Aguirre</u>, 45 F.3d 1455, 1462 (10th Cir. 1995) (FAA evinces strong federal policy in favor of arbitration); <u>see</u> <u>Moses H. Cone Mem. Hosp. v. Mercury</u>

---

[1]   Defendant did not timely respond to plaintiff's motions. Pursuant to District of Kansas Local Rule 7.1(c), the Court considers and decides these motions as uncontested.

Constr. Corp., 460 U.S. 1, 24–25 (1983) (court should resolve doubts concerning scope of arbitrable issues in favor of arbitration).

The question of arbitrability—whether the parties agreed to arbitrate a particular dispute—is an issue for judicial determination. AT&T Techs., Inc. v. Comm'n Workers of Am., 475 U.S. 643, 649 (1986). The enforceability of an arbitration agreement "is simply a matter of contract between the parties; [arbitration] is a way to resolve those disputes—but only those disputes—that the parties have agreed to submit to arbitration." First Options of Chicago, Inc. v. Kaplan, 514 U.S. 938, 943 (1995); see also PaineWebber Inc. v. Elahi, 87 F.3d 589, 594–95 (1st Cir. 1996) (arbitration is matter of contract law). Generally, state law principles of contract formation govern whether an enforceable arbitration agreement exists. Hardin v. First Cash Fin. Servs., Inc., 465 F.3d 470, 475 (10th Cir. 2006).

While the Court liberally construes pleadings from a pro se plaintiff, it does not assume the role of plaintiff's advocate. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

**Factual Background**

The factual background underlying the parties' dispute is set forth in detail in the Court's Memorandum And Order (Doc. #14) filed May 5, 2021.

In 2006, Dell Technologies, Inc. entered into an agreement to provide IT services to the Boeing Company. Plaintiff claims that from October of 2006 to February of 2012, as a Lead IT Technician, he was jointly employed by Dell and Boeing. In February of 2012, Dell hired plaintiff directly as a Site Lead supporting the Wichita Boeing facility. During his time in that role, plaintiff used the Boeing facility as his physical job location. In September of 2017, Dell promoted plaintiff to Field Services Supervisor. Brent Lockwood acted as plaintiff's manager. Plaintiff began to

work from home supporting Boeing facilities in Texas, Utah, Arizona and California. On August 16, 2019, following an internal investigation, Dell terminated plaintiff's employment.

During his employment with Dell, plaintiff agreed to arbitrate all disputes "arising out of or related to [plaintiff's] employment and/or separation from employment," covering any disputes plaintiff may have against "Dell or any of its current and former officers, directors, principals, shareholders, owners, employees, or agents." Mutual Agreement To Arbitrate Claims (Doc. #6-1) filed December 14, 2020 at 4. This agreement was between plaintiff and Dell, and its wholly-owned subsidiaries and successors and assigns. Id.

**Procedural Background**

On November 9, 2020, proceeding pro se, plaintiff filed this suit against Dell, alleging employment discrimination on the basis of race. On May 5, 2021, the Court sustained Dell's motion to compel arbitration pursuant to the arbitration agreement. See Memorandum And Order (Doc. #14). On June 7, 2023, the Court administratively closed the case based on the pending arbitration proceedings. See Order (Doc. #34). On August 25, 2023, the Court overruled Plaintiff's Motion For Relief From The Order To Reopen/Reinstate Proceedings Pursuant To Fed. R. Civ. P. 60(b) And Motion For Relief From Judgment And Order Pursuant To Fed. R. Civ. P. 60(b) (Doc. #38) filed July 10, 2023. The dispute proceeded to arbitration with the Judicial Arbitration and Mediation Services, Inc. ("JAMS").

On March 29, 2023, plaintiff amended his Demand for Arbitration with JAMS to include Lockwood and Boeing as respondents. Plaintiff's Memorandum Of Law In Support Of Plaintiff Kevin Lee Biglow's Motion To Compel Brent Lockwood Nonsignatory To Arbitration And Enforce Any Subpoenas In The JAMS Arbitration Proceedings (Doc. #46) filed September 25, 2023 at 2. Plaintiff claims that Lockwood evaded service for months, but has now submitted his

Answer and Affirmative Defenses. Id. at 3. In his answer, Lockwood argues that he did not sign the arbitration agreement and that plaintiff fails to state a claim upon which relief can be granted. See Respondent Lockwood's Answering Statement And Affirmative Defenses (Doc. #45-1) filed September 25, 2023. By contrast, Boeing accepted service, signed the JAMS Service Agreement and paid the required fees. Plaintiff's Memorandum Of Law In Support Of Plaintiff Kevin Lee Biglow's Motion To Compel The Boeing Company Nonsignatory To Arbitration (Doc. #47-1) filed October 31, 2023 at 2. Nevertheless, during a preliminary conference on October 4, 2023, Boeing indicated it plans to file a motion to be excluded from arbitration. Id.

## Analysis

Plaintiff's motions request that the Court (1) compel Lockwood and Boeing—nonsignatories to the arbitration agreement between plaintiff and defendant—to arbitrate and (2) enforce any subpoenas which the arbitrator issues. Plaintiff alleges that Lockwood filed a false ethics complaint against him, causing Dell to terminate his employment. As to Boeing, plaintiff claims that Boeing acted as plaintiff's joint employer and was complicit in Dell's misconduct. For these reasons, plaintiff asks the Court to compel Lockwood and Boeing to arbitrate his discrimination claims.

**I.    Compelling Nonsignatories To Arbitration**

Ordinarily, an arbitration agreement does not bind non-parties. See AT&T Techs., 475 U.S. at 648 (arbitration is matter of contract and court cannot require party to submit to arbitration any dispute which it has not agreed to submit). To determine whether a party has agreed to arbitrate, courts apply traditional state law principles that govern contract formation. Arthur Andersen LLP v. Carlisle, 556 U.S. 624, 631 (2009); see Belnap v. Iasis Healthcare, 844 F.3d 1272, 1293 (10th Cir. 2017) (Utah state law governed whether arbitration agreement bound

nonsignatory). State law principles have carved out limited exceptions to this general rule. Arthur Andersen, 556 U.S. at 631. The exceptions include, for example, "assumption, piercing the corporate veil, alter ego, incorporation by reference, third-party beneficiary theories, waiver and estoppel." Id.

Here, neither party disputes that Kansas law applies. Kansas law has not explicitly addressed whether an arbitration agreement may bind a nonsignatory. The Court therefore turns to general principles of contract formation. Although general principles do not significantly vary from state to state, Kansas only binds non-parties under the third-party beneficiary theory of contracts. See GFTLenexa, LLC v. City of Lenexa, 310 Kan. 976, 986, 453 P.3d 304, 312 (2019). A third party becomes a beneficiary when the contract is "made for the third party's benefit as its object" and the intent to benefit the third person is "clearly expressed in the contract." Fasse v. Lower Heating & Air Conditioning, Inc., 241 Kan. 387, 389, 736 P.2d 930, 932 (1987). "In the absence of a third-party beneficiary, a contract binds only the parties that enter into the contract; it is not enforceable against a third party that did not negotiate the contract, did not accept the terms of the contract, and did not receive any consideration for the contract." GFTLenexa, 310 Kan. at 986, 453 P.3d at 312.

Neither Lockwood nor Boeing entered into the arbitration agreement between plaintiff and Dell. Indeed, neither negotiated the agreement, accepted the terms of the agreement or received any consideration for the agreement. The arbitration agreement specifically and exclusively binds plaintiff and Dell, his employer, to arbitrate disputes which arose during the course of his employment. The terms of the agreement reveal no express intent to benefit Lockwood or Boeing, and Dell did not create the agreement for their benefit. Even though the agreement might cover disputes between plaintiff and his fellow employee Lockwood, Lockwood never agreed to arbitrate

disputes directly with plaintiff. While the agreement may cover those disputes, it only binds Dell to arbitrate them.

Lockwood and Boeing are neither parties to the agreement nor third-party beneficiaries to it. The Court therefore overrules plaintiff's motion to compel Lockwood and Boeing to arbitrate with plaintiff.

## II.     Enforcing Arbitral Subpoenas

Section 7 of the FAA provides that during arbitration proceedings, arbitrators "may summon in writing any person to attend before them or any of them as a witness and in a proper case to bring with him or them any book, record, document, or paper which may be deemed material as evidence in the case." 9 U.S.C. § 7. If a summoned individual fails to obey the summons, the parties may "petition the United States district court for the district in which such arbitrators, or a majority of them, are sitting" to "compel the attendance of such person or persons."[2] Id.

Nevertheless, the Court's jurisdiction extends only to live cases or controversies that are ripe for judicial review. Garcia v. Bd. of Educ., 520 F.3d 1116, 1123 (10th Cir. 2008); Kansas Jud. Rev. v. Stout, 519 F.3d 1107, 1116 (10th Cir. 2008). Ripeness is a justiciability doctrine designed to prevent courts from entangling themselves in abstract disagreements by premature adjudication. See National Park Hospitality Association v. Dept. of Interior, 538 U.S. 803, 807 (2003). To determine whether the issues in a case are ripe for review requires courts to evaluate the fitness of the issues for judicial decision and the hardship to the parties of withholding court consideration. Abbott Labs. v. Gardner, 387 U.S. 136, 149 (1967), overruled on other grounds by

---

[2] The Court construes plaintiff's Motion To Enforce Any Subpoenas (Doc. #45) as a petition pursuant to 9 U.S.C. § 7.

Califano v. Sanders, 430 U.S. 99 (1977). Whether a case is fit for judicial resolution depends on "whether the case involves uncertain or contingent future events that may not occur as anticipated or indeed may not occur at all." Morgan v. McCotter, 365 F.3d 882, 890 (10th Cir. 2004) (quoting New Mexicans for Bill Richardson v. Gonzales, 64 F.3d 1495, 1499 (10th Cir. 1995)) (internal quotation marks omitted).

Regarding the procedural status of the arbitration, plaintiff asserts that as of the filing date of his motions, Lockwood has submitted his Answer and Affirmative Defenses to plaintiff's Demand for Arbitration but has not signed the JAMS Service Agreement. In addition, plaintiff states that Boeing has accepted service, signed the JAMS Service Agreement and paid the required arbitration fees. Plaintiff presents no evidence that the arbitrator has issued any subpoenas or that subpoena recipients have disregarded them. Plaintiff's motion therefore raises no case or controversy for the Court to review. The Court cannot enforce subpoenas not yet issued. Plaintiff's concern that third parties may not comply with future subpoenas is purely hypothetical and not ripe for judicial review. Accordingly, the Court overrules plaintiff's motions to enforce any subpoena issued by JAMS.[3]

**IT IS THEREFORE ORDERED** that Plaintiff Kevin Lee Biglow's Motion To Compel Brent Lockwood Nonsignatory To Arbitration And Enforce Any Subpoenas In The JAMS Arbitration Proceedings (Doc. #45) filed September 25, 2023 is **OVERRULED.**

---

[3] Even if this issue were ripe for review, the Court is unable to determine whether this is the proper district for such a petition pursuant to Section 7 of the FAA. See 9 U.S.C. § 7 (party should petition district court for district where arbitrator is sitting). Plaintiff previously represented to the Court that he contacted JAMS in Denver, Colorado to conduct the arbitration proceedings. See Plaintiff's Memorandum Of Law In Support Of Motion For Relief (Doc. #39) filed July 10, 2023. In his most recent motion, plaintiff provides no further information as to where the arbitrator is sitting.

-8-

**IT IS FURTHER ORDERED** that Plaintiff Kevin Lee Biglow's Motion To Compel The Boeing Company Nonsignatory To Arbitration (Doc. #47) filed October 31, 2023 is **OVERRULED.**

Dated this 6th day of December, 2023 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge
