IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| KEVIN LEE BIGLOW, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION |
| v. ) | |
| ) | No. 20-2563-KHV |
| DELL TECHNOLOGIES, INC., ) | |
| ) | |
| Defendant. ) | |
| ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff Kevin L. Biglow, Pro-Se Notice Of Motion, Motion To Vacate The Decision Of The JAMS Arbitrator, Including The Award, And Motion For Sanctions And Penalties Against Defendant Dell Technologies, Inc. And Request For Evidentiary Hearing (Doc. #54) filed October 8, 2024. For reasons set forth below, the Court overrules plaintiff's motion.[1]

**Legal Standard**

The Court's power to review an arbitration award is quite limited; indeed, it is "among the narrowest known to the law." ARW Expl. Corp. v. Aguirre, 45 F.3d 1455, 1462 (10th Cir. 1995). Courts must afford maximum deference to the decisions of the arbitrator and will only set aside the decision in "very unusual circumstances." Oxford Health Plans LLC v. Sutter, 569 U.S. 564, 568 (2013); THI of N.M. at Vida Encantada, LLC v. Lovato, 864 F.3d 1080, 1083 (10th Cir. 2017).

---

[1] On November 8, 2024, plaintiff filed a motion to amend/correct three exhibits attached to his motion to vacate. Plaintiff's Kevin Lee Biglow Pro Se Motion To Amend/Correct Documents (Exhibits) (Doc. #58). Because defendant did not respond to plaintiff's motion, the Court sustains plaintiff's motion as unopposed and considers his amended exhibits. See D. Kan. Rule 6.1(d)(4) (14 days to respond to motion); D. Kan. Rule 7.1(c) (if party fails to respond, court considers motion uncontested).

The party seeking to vacate an arbitrator's award therefore "bears a heavy burden." Oxford Health Plans, 569 U.S. at 569.

Section 10 of the Federal Arbitration Act ("FAA") enumerates the grounds on which the Court may vacate an arbitration award:

(1) where the award was procured by corruption, fraud, or undue means;

(2) where there was evident partiality or corruption in the arbitrators, or either of them;

(3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or

(4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10(a). In addition, as grounds to vacate an award, the Tenth Circuit recognizes violation of public policy, manifest disregard of the law and denial of a fundamentally fair hearing. Sheldon v. Vermonty, 269 F.3d 1202, 1206 (10th Cir. 2001).

**Factual And Procedural Background**

The factual background underlying the parties' dispute is set forth in detail in the Court's Memorandum And Order (Doc. #14) filed May 5, 2021 and Memorandum And Order (Doc. #31) filed March 20, 2023.

**I.  District Court Proceedings**

On November 9, 2020, plaintiff filed suit against defendant, alleging employment discrimination on the basis of race. See Complaint (Doc. #1). On May 5, 2021, the Court sustained defendant's motion to compel arbitration pursuant to plaintiff's arbitration agreement with defendant. See Memorandum And Order (Doc. #14). On June 7, 2023, the Court administratively

closed the case based on the pending arbitration proceedings. See Order (Doc. #34); see also Order (Doc. #53) filed May 24, 2024 (extending deadline in Doc. #34 to file stipulation of dismissal).

## II.     Arbitration Proceedings

On March 14, 2021, plaintiff submitted his formal demand for arbitration. JAMS, a provider of alternative dispute resolution services, appointed Florine L. Clark as arbitrator.

On June 29, 2022, the parties reached a mutual agreement to stay the proceedings for 90 days; Arbitrator Clark agreed to the stay. On July 6, 2022, the parties' case manager at JAMS informed them that Arbitrator Clark had withdrawn as their arbitrator. On October 10, 2022, their case manager extended the stay for another 90 days.

On February 7, 2023, plaintiff obtained legal counsel for the arbitration proceedings—Leon Wilkerson of Emery Wilkerson, PC. On March 30, 2023, plaintiff submitted an amended demand, asserting 16 claims for violations of various state and federal laws.

On September 13, 2023, JAMS appointed the Honorable Robert L. McGahey (Ret.) to the matter. The parties were without an arbitrator for over 14 months. On October 20, 2023, defendant filed its motion for summary disposition on all of plaintiff's claims.

On November 29, 2023, plaintiff terminated Mr. Wilkerson's representation, believing that he was colluding and conspiring with defendant's in-house counsel, Christopher Hahn.

On January 26, 2024, JAMS informed the parties that because plaintiff had originally struck Arbitrator McGahey from the list of neutral arbitrators, his appointment was an administrative error on its end. Plaintiff requested that JAMS disqualify Arbitrator McGahey. On January 31, 2024, JAMS informed the parties that it would send a new strike list and appoint a new arbitrator. On March 8, 2024, three years after plaintiff demanded arbitration, JAMS appointed the Honorable James Ware (Ret.).

Arbitrator Ware had the parties resubmit their briefing on defendant's motion for summary disposition. In addition, he granted plaintiff's request to provide supplemental briefing on the motion. On April 15, 2024, plaintiff submitted his second supplemental response. On April 22, 2024, defendant submitted its reply.

On July 8, 2024, Arbitrator Ware granted defendant's motion on all 16 of plaintiff's claims. See Order No. 3 (Doc. #55-35). On July 11, 2024, he entered the final arbitration award. See Final Award (Doc. #55-36). On October 8, 2024, in this Court, plaintiff filed his motion to vacate the final arbitration award. See Motion To Vacate (Doc. #54).

**Analysis**

Plaintiff requests that the Court (1) vacate the final arbitration award; (2) sanction defendant for grave misconduct during the arbitration proceedings; and (3) remand the case to this Court for trial.

**I.     Motion To Vacate The Final Arbitration Award**

Plaintiff argues that the Court should vacate the final arbitration award because (1) the arbitrators were guilty of misconduct, exceeded their authority and manifestly disregarded the law; and (2) defendant fraudulently procured the award.[2]

Plaintiff alleges the following misconduct during the arbitration proceedings:[3]

---

[2]     Plaintiff also argues that the Court should vacate the award because the arbitration agreement is unconscionable. In its Memorandum And Order (Doc. #14), the Court considered and ruled on the issue of unconscionability. Moreover, unconscionability of the underlying arbitration agreement is not one of the enumerated grounds for vacating an award under the FAA, or one of the grounds recognized in the Tenth Circuit. Plaintiff presents no information which would cause the Court to reconsider its previous decision on unconscionability, and even if he did, the Court does not have the power to vacate an arbitration award on that ground.

[3]     Throughout his 134-page motion, plaintiff makes numerous allegations of wrongdoing, including allegations of conspiracy and fraud dating back to his employment with defendant. The Court focuses solely on the conduct which plaintiff alleges occurred during the arbitration proceedings.

- Arbitrator Ware refused to hear evidence that the arbitration agreement violated 48 C.F.R. § 252.222-7006, which sets restrictions on the use of mandatory arbitration agreements for federal contractors.

- Arbitrator Ware erred in concluding that the arbitration agreement set forth a 90-day statute of limitations and that no basis existed to equitably toll plaintiff's claims.

- Arbitrator Clark denied plaintiff's request to disqualify defendant's in-house counsel, Mr. Hahn, from representing defendant.

- Arbitrator Ware either did not address or refused to address all of plaintiff's motions and pleadings.

- JAMS appointed Arbitrator McGahey despite plaintiff having previously struck Arbitrator McGahey from the list of potential arbitrators.

- Mr. Hahn negotiated an arrangement with Mr. Wilkerson, which included financial compensation if Mr. Wilkerson did not contest Arbitrator McGahey's appointment.

- Mr. Wilkerson, Mr. Hahn and JAMS refused to produce all email communications regarding the appointment of Arbitrator McGahey.

- At a preliminary conference, Arbitrator McGahey said, "Well, I already know what the parties want here," suggesting that he had engaged in ex parte communications with Mr. Hahn.

- Defendant hired plaintiff's prospective attorneys to strategically deceive plaintiff to forfeit all claims against defendant in return for compensation.

A. Whether The Arbitrators Are Guilty Of Misconduct, Exceeded Their Authority Or Manifestly Disregarded The Law

As noted, plaintiff complains that (1) Arbitrator Ware was guilty of misconduct because he refused to hear evidence that the arbitration agreement violated 48 C.F.R. § 252.222-7006 and failed to address all of plaintiff's motions and pleadings; (2) Arbitrator Clark denied plaintiff's request to disqualify defendant's in-house counsel; and (3) Arbitrator Ware erred in concluding that the arbitration agreement had a 90-day statute of limitations. See 9 U.S.C. § 10(a); Sheldon, 269 F.3d at 1206.

As to these claims, arbitrators enjoy wide latitude in conducting an arbitration hearing. Aviles v. Charles Schwab & Co., 435 F. App'x 824, 829 (11th Cir. 2011). Arbitrators exceed their powers only when an award is "completely irrational or exhibits a manifest disregard of law." U.S. Life Ins. Co. v. Superior Nat. Ins. Co., 591 F.3d 1167 (9th Cir. 2010). A manifest disregard of the law requires "willful inattentiveness to the governing law." Bowen v. Amoco Pipeline Co., 254 F.3d 925, 932 (10th Cir. 2001). Errors in the arbitrator's factual findings or interpretation of the law do not establish manifest disregard; the record must show that "the arbitrator[] knew the law and explicitly disregarded it." Id.

Here, plaintiff has not met his heavy burden of showing that the Court should vacate the arbitration award based on erroneous decisions by the arbitrator. Plaintiff basically alleges unfavorable legal rulings and failures to rule by Arbitrators Ware and Clark. The final arbitration award explicitly states that in reaching his decision, Arbitrator Ware took into account "all written submissions by the parties, and the entirety of the record that has been presented by the parties." Final Award (Doc. #55-36) at 3. Plaintiff has not shown that he disregarded or refused to consider proffered evidence, or that he did not address all of plaintiff's motions and pleadings.

Moreover, because arbitrators have wide latitude in conducting proceedings, unfavorable legal rulings—such as Arbitrator Clark's refusal to disqualify counsel and Arbitrator Ware's finding of a 90-day statute of limitations—do not constitute extraordinary circumstances for which the Court will vacate an award. On a motion to vacate, plaintiff cannot rehash evidence and arguments presented to the arbitrator, challenging the arbitrator's basis for the legal ruling. Jenkins v. Prudential-Bache Sec., Inc., 847 F.2d 631, 635 (10th Cir. 1988) (court does "not sit to hear claims of factual or legal error by an arbitrator as an appellate court does in reviewing decisions of lower courts"). To the extent plaintiff argues that the arbitrators manifestly disregarded the law

in so ruling, plaintiff has not shown willful inattentiveness or explicit disregard for the law. Arbitrator Ware's legal findings are explained in detail in his order, and the Court will not undermine those findings and conclusions based on the allegations before it.

As to Arbitrator McGahey, he did not rule on defendant's motion for summary disposition or enter the final award, and plaintiff has not shown that his appointment was prejudicial in any respect. Plaintiff points to his statement, "Well, I already know what the parties want here," but plaintiff does not tie that statement to unlawful conduct. Plaintiff asserts that the statement suggests ex parte communications, but the job of an experienced arbitrator often involves understanding in advance what each party wants from arbitration. As to plaintiff's challenge to Arbitrator McGahey's appointment, plaintiff has presented no evidence that the appointment was anything but administrative error.

In sum, the Court finds no merit in plaintiff's allegations. The Court overrules plaintiff's motion to vacate the arbitration award on the ground that the arbitrators were guilty of misconduct, exceeded their authority or manifestly disregarded the law.

B.  Whether Defendant Fraudulently Procured The Award

To vacate an arbitration award based on fraud, plaintiff must establish by clear and convincing evidence that (1) due diligence could not have resulted in the discovery of the fraud prior to the arbitration and (2) a nexus exists between the alleged fraud and the basis for the arbitrator's decision. Foster v. Turley, 808 F.2d 38, 42 (10th Cir. 1986); Forsythe Int'l, S.A. v. Gibbs Oil Co., 915 F.2d 1017, 1022 (5th Cir. 1990). To protect the finality of arbitration decisions, courts must use caution in vacating an award based on fraud. Foster, 808 F.2d at 42. "Fraud requires a showing of bad faith during the arbitration proceedings, such as bribery, undisclosed bias of an arbitrator, or willfully destroying or withholding evidence." MPJ v. Aero Sky, L.L.C.,

673 F. Supp. 2d 475, 494 (W.D. Tex. 2009).

Plaintiff alleges that (1) defense counsel Hahn negotiated an arrangement with plaintiff's counsel Wilkerson which included compensation if plaintiff's counsel did not contest Arbitrator McGahey's appointment; (2) defense counsel Hahn hired plaintiff's *prospective* attorneys to strategically deceive plaintiff to forfeit all claims against defendant in return for compensation; (3) defense counsel Hahn, plaintiff's counsel and JAMS refused to produce all email communications regarding the appointment of Arbitrator McGahey.  In support of these allegations, plaintiff presents the declaration of his trusted associate Warren Pyles, which states that during the arbitration proceedings, defense counsel Hahn called him and he suspects the purpose of that call was to "negotiate a deal to determine if I would betray" plaintiff.  Declaration Of Warren Pyles In Support Of Plaintiff's Motion To Vacate Arbitration Award (Doc. #55-10), ¶ 4.  Standing alone, Pyles' suspicion and speculation as to the intentions of defense counsel is not probative of fraud.  Plaintiff presents no evidence of financial arrangements between counsel or misconduct by defense counsel Hahn.  Accordingly, as to plaintiff's claims that defense counsel Hahn bribed plaintiff's counsel and prospective attorneys, the Court overrules plaintiff's motion to vacate.  Further, plaintiff has shown no connection whatsoever between the alleged fraud and Arbitrator Ware's final award.  Absent clear and convincing evidence to the contrary, the Court overrules plaintiff's motion to vacate the arbitration award on this ground.

As to plaintiff's contention that defense counsel, plaintiff's counsel and JAMS refused to produce all email communications regarding the appointment of Arbitrator McGahey, plaintiff has not met his heavy burden.  Plaintiff has not shown that he was entitled to communications from JAMS and opposing counsel—or that such communications were not privileged or work product information.  As for plaintiff's counsel Wilkerson, a motion to vacate is not the appropriate vehicle

for plaintiff to raise disputes with prior counsel, such as for the production of documents during his representation. Even if individuals were required to produce documents and failed to do so, plaintiff has failed to show prejudice relative to the final award—Arbitrator McGahey did not rule on defendant's motion for summary disposition or enter the final award. The Court overrules plaintiff's motion to vacate on this ground.

## II. Request For Sanctions

Plaintiff asks the Court to sanction defendant for grave misconduct during the arbitration proceedings. Under the FAA, the Court has the authority to determine (1) whether arbitration should be compelled and (2) whether an arbitration award should be confirmed, vacated or modified. See 9 U.S.C. § 1 et seq. The Court does not have jurisdiction to sanction conduct that occurs during arbitration. Positive Software Sols., Inc. v. New Century Mortg. Corp., 619 F.3d 458, 462 (5th Cir. 2010). To conclude otherwise would make the Court "a roving commission to supervise a private method of dispute resolution and exert authority that is reserved, by statute, caselaw, and longstanding practice, to the arbitrator." Id. Accordingly, because the Court lacks jurisdiction to sanction defendant, the Court overrules plaintiff's request.

## III. Request To Remand The Case For Trial

Because the Court overrules plaintiff's motion to vacate the arbitration award, it overrules as moot plaintiff's request to remand the case for trial.[4]

**IT IS THEREFORE ORDERED** that Plaintiff Kevin L. Biglow, Pro-Se Notice Of Motion, Motion To Vacate The Decision Of The JAMS Arbitrator, Including The Award, And

---

[4] Even if the Court were to vacate this arbitration award, plaintiff's claims would still be subject to a valid and enforceable arbitration agreement; the parties must therefore arbitrate the dispute rather than adjudicate plaintiff's claims by trial.

-10-

Motion For Sanctions And Penalties Against Defendant Dell Technologies, Inc. And Request For Evidentiary Hearing (Doc. #54) filed October 8, 2024 is **OVERRULED.**

**IT IS FURTHER ORDERED** that Plaintiff's Kevin Lee Biglow Pro Se Motion To Amend/Correct Documents (Exhibits) (Doc. #58) filed November 8, 2024 is **SUSTAINED.**

Dated this 19th day of December, 2024 at Kansas City, Kansas.

s/ Kathryn H. Vratil<br>
KATHRYN H. VRATIL<br>
United States District Judge